IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DEANA LOUANN THOMAS,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN, YELLOWSTONE COUNTY DETENTION CENTER and AUSTIN KNUDSEN,<br><br>Respondents. | Cause No. CV 24-17-BLG-DWM<br><br>ORDER |

This case comes before the Court on Petitioner Deana Louann Thomas's petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) Thomas is a state prisoner proceeding pro se. Her petition is dismissed.

## I. PRELIMINARY REVIEW

Before the State is required to respond, the Court must determine whether "it plainly appears from the petition and any attached exhibits that the prisoner is not entitled to relief." Rule 4(b), Rules Governing § 2254 Cases in the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. U.S. Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But the Court should "eliminate the

1

burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, § 2254 Rules.

## II. BACKGROUND

Thomas is currently incarcerated at Yellowstone County Detention Center. She was convicted of endangering the welfare of a child in Yellowstone County in DC 14-0976. She was sentenced to eight years suspended in the custody of the Department of Corrections on April 18, 2016. (Doc. 1 at 2-3.) She did not appeal, did not apply to the Sentence Review Division, and did not file any form of postconviction petition. (Doc. 1 at 3–4.) She has subsequent convictions, state and federal, and her suspended sentence was revoked. She states that she will discharge the DC 14-0976 sentence in March 2025. (Doc. 1 at 7.) Thomas contends that her sentence of eight years commitment to the Department of Corrections, suspended, violated Mont. Code Ann. § 45-5-622(5)(B). (Doc. 1 at 4.)

## III. ANALYSIS

A one-year limitations period applies to petitions filed by state prisoners under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244. Thomas was previously directed to show cause why her petition should not be dismissed as untimely, since she filed it approximately five years too late. (Doc. 6.) The federal courts will also not hear claims that have not been presented to the state courts first. Thomas was also directed to show cause why her default should be excused. (*Id.*)

2

Thomas responded to the Court's order to show cause with an argument on the merits: that her trial counsel was ineffective because she did not inform Thomas that the sentence imposed exceeded the statutory maximum. (Doc. 7 at 1.) Thomas advises that her current attorney pointed out to her that the eight years suspended Department of Corrections commitment she received exceeded the five years of prison allowed under Mont. Code Ann. § 45-5-622(5)(B). (Doc. 7 at 2.) She does not dispute that her petition is untimely or defaulted but asserts that the sentence is illegal.

**A. Timeliness**

To the extent Thomas believes the statute of limitations should be tolled, *see e.g.*, *Holland v. Florida*, 560 U.S. 631, 649 (2010), due to her lack of legal knowledge, such an argument is unavailing. The Ninth Circuit instructs that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F. 3d 1150, 1154 (9th Cir. 2006); *see also Ford v. Pliler*, 590 F. 3d 782, 789 (9th Cir. 2009) (equitable tolling "standard has never been satisfied by a petitioner's confusion or ignorance of the law alone"); *Waldron-Ramsey v. Pacholke*, 556 F. 3d 1008, 1013 n.4 (9th Cir. 2009)("[A] pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling."). Thus, Thomas has failed

3

to show a basis which would entitle her to equitable tolling; her claims remain untimely.

### B. Procedural Default

The statutory maximum under Mont. Code Ann. § 45-5-622(5)(B) is five years in prison. Thomas was sentenced to eight years suspended with the Department of Corrections, which may or may not have been a legal sentence. However, Thomas has never presented this argument to the courts of the State of Montana in any form, and thus, it is unexhausted. Further, procedural default occurs "if [the claim] is unexhausted and state procedural rules would now bar the petitioner from bringing the claim in state court." *Rodney v. Filson*, 916 F.3d 1254, 1259 (9th Cir. 2019) (citations and quotation marks omitted); *see also* 28 U.S.C. § 2254 (b)(1)(A). "[T]he procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim." *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996). Because Thomas could no longer bring her claim in the ordinary procedure to state court, it is also procedurally defaulted. She was given the opportunity but failed to provide cause to justify the default.

"Cause for a procedural default exists where something external to the petitioner, something that cannot fairly be attributed to him…impeded his efforts to comply with the State's procedural rule." *Maples v. Thomas*, 565 U.S. 266, 280

4

(2012) (citation omitted); *Coleman*, 501 U.S. at 753.  While attorney ignorance or inadvertence cannot establish cause for a procedural default, "[a]ttorney error that constitutes ineffective assistance of counsel is cause[.]" *Coleman*, 501 U.S. at 753-54; *see also Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017) ("It has long been the rule that attorney error is an objective external factor providing cause for excusing a procedural default only if that error amounted to a deprivation of the constitutional right to counsel."). But Thomas's ineffective assistance claim must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default in federal court. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (citing *Murray v. Carrier*, 477 U.S. 478, 489 (1986)).

In other words, before a federal court may consider ineffective assistance of trial counsel as cause to excuse the default of the underlying habeas claims, a petitioner generally must have presented the ineffective assistance of counsel claim in a proper manner in the state court system, such as in a petition for postconviction relief, including through the Montana Supreme Court. But, as set forth above, Thomas did not present any of her claims, in any manner, to the state courts.  Thus, because the ineffective assistance of counsel claim was never properly exhausted in the state court system, it cannot serve as cause to excuse the default of Thomas's underlying habeas claims.  The claims remain procedurally defaulted.

5

## IV. CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 656 U.S. 134, 140-41 (2012) (quoting *Slack*, 529 U.S. at 484).

Thomas has not made a substantial showing that she was deprived of a constitutional right. She has failed to justify tolling of her statute of limitations. She has not exhausted her state court remedies. Reasonable jurists would find no basis to encourage further proceedings. A certificate of appealability will be denied.

Accordingly, IT IS ORDERED that:

1. Thomas's petition is DISMISSED. The Clerk of Court is directed to

6

enter judgment pursuant to Fed. R. Civ. P. 58. Any pending motions are DENIED as moot.

2. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Thomas files a notice of appeal.

DATED this 27th day of June, 2024.

Donald W. Molloy, District Judge
United States District Court